```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
                                    :
                                    :
UNITED STATES                       :
                                    :       06 Cr. 808
        -against-                   :         Order
                                    :
                                    :
EDWIN TORRES,                       :
                                    :
                Defendant.          :
                                    :
                                    :
                                    :
------------------------------------X
```

WOOD, U.S.D.J.:

By letter dated February 2, 2008 ("Government Letter"), the Government moves <u>in limine</u> for an order deeming evidence of the Defendant's prior conviction and of his June 26, 2007 indictment, which occurred subsequent to his indictment in this prosecution, admissible at trial.[1] For the reasons stated below, the Court concludes that it is premature to determine this evidence's admissibility.

---

[1] The Government seeks to admit (1) a transcript of the Defendant's plea allocution in a Class C Felony conviction for cocaine possession by the Alabama Circuit Court on or about April 19, 2004 ("Alabama plea allocution"), and (2) Defendant's June 26, 2007 indictment, subsequent to his indictment in the above-captioned prosecution, for possession of heroin with the intent to distribute and for possession of a firearm in furtherance of drug trafficking ("June 2007 indictment").

## I. Federal Rule of Evidence 403

The Government asks the Court to deem the Defendant's June 2007 indictment and/or Alabama plea allocution admissible for three purposes. In order to deem this evidence admissible for any of these purposes, the Court must make a Federal Rule of Evidence ("Rule") 403 determination of the evidence's probative value and prejudicial effect. It is premature for the Court to make this determination. The Government's motion for Rule 403 determinations for each of the three purposes shall be renewed when the Court can better assess the Rule 403 considerations.

## II. Rule 404(b)

The Government asks the Court to admit evidence of the Defendant's June 2007 indictment and Alabama plea allocution under Rule 404(b) to establish the Defendant's knowledge, intent, and absence of mistake or misunderstanding (the "404(b) factors"). The Government further notifies the Court that it may seek to introduce this evidence as part of its case in chief.

The Court notes the Government's and the Defendant's arguments, made in the Government Letter and in the Defendant's March 3, 2008 letter ("Defendant Letter"), but does not rule on the admissibility of the Defendant's June 2007 indictment and Alabama plea allocution at this time.

When the Defendant puts the 404(b) factors in dispute, United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir. 1992), the Government shall renew its motion on this issue.

### III. Impeachment of Cooperating Witnesses

The Government asks the Court to admit evidence related to the Defendant's June 2007 indictment in order to (1) fulfill its responsibility under Giglio v. United States, 405 U.S. 150 (1972), to advise the Defendant of cooperating witnesses' criminal activities, and (2) permit the Government, under United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991), to inform the jury of these activities.

The Court has considered the arguments in the Government and Defendant Letters and does not rule on the admissibility of evidence related to the June 2007 indictment at this time for the reasons stated in Part I of this order. The Government shall renew its motion at trial when the issue is ripe for the Court's consideration. At that time, the Government shall clarify what evidence it seeks to admit under Giglio and Coonan, and particularly whether it seeks to admit Torres' June 2007 indictment and/or elicit testimony from the cooperating witnesses regarding the events underlying the June 2007 indictment.

### IV. Impeachment of the Defendant

The Government asks the Court to admit evidence of the Alabama plea allocution pursuant to Rule 609 to impeach the

Defendant if he testifies at trial. After considering the Government's and the Defendant's arguments, the Court concludes that this issue is not ripe for decision. The Government shall renew its motion if the Defendant testifies at trial.

For these reasons, it is premature for the Court to determine the admissibility of the Alabama plea allocution and the June 2007 indictment.

SO ORDERED

Dated:   New York, New York
         August  | , 2008

                              /s/ Kimba M. Wood
                              _____
                              Kimba M. Wood
                              United States District Judge