UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
                                                :
UNITED STATES                         :
                                                :      06 Cr. 808
       -against-              :      <u>Order</u>
                                                :
EDWIN TORRES,                       :
                                                :
               Defendant.   :
------------------------------------X

WOOD, U.S.D.J.:

    By letter dated January 30, 2008, the Government seeks to use Defendant Torres' ("Defendant") proffer statements to (1) rebut any evidence offered, or any arguments made, on behalf of Defendant; or (2) impeach any testimony offered by Defendant. Defendant opposes the introduction of the proffer statements. In the alternative, Defendant argues that the Court should permit the Government to introduce the proffer statements only in rebuttal to any argument or evidence that specifically contradicts the proffer statements. The Court concludes that it would be premature to rule on the admissibility of Defendant's proffer statements because Defendant has not yet made any specific assertions that allegedly contradict his proffer statements. However, the Court provides guidance on how it will analyze the admissibility of the proffer statements during trial.

    Ordinarily, statements made by a defendant during plea negotiations, including proffer sessions, are inadmissible at

1

trial. Fed. R. Evid. 410; see also Fed. R. Crim. P. 11(f). However, "where a proffer agreement is entered into knowingly and voluntarily, a provision in which defendant waives his exclusionary privilege under Federal Rule of Evidence 410 by permitting the Government to introduce defendant's proffer statements to rebut contrary evidence or arguments presented by the defense, whether or not defendant testifies, is enforceable." United States v. Velez, 354 F.3d 190, 196 (2d Cir. 2004).

It is undisputed that Defendant signed a waiver prior to his proffer sessions, authorizing the Government to use Defendant's statements during proffer sessions "for the purpose of cross-examination should [Defendant] testify," and "to rebut any evidence or arguments offered by or on behalf of [Defendant] . . . ." (Gov't Ex. A.) Defendant was represented by counsel during these proffer sessions, and has not alleged that his waiver was unknowing or involuntary. See United States v. Velez, 354 F.3d 190, 196 (2d Cir. 2004) ("[B]efore [a proffer statement] waiver can be deemed unenforceable, the trial judge must find 'some affirmative indication that the agreement [to waive] was entered into unknowingly or involuntarily.'") (quoting United States v. Mezzanatto, 513 U.S. 196, 210 (1995)). Accordingly, the Court concludes that Defendant's waiver is enforceable.[1]

---

[1] Defendant argues that introduction of the proffer statements is inappropriate because at least one of the proffer statements "was not reduced to writing, videotaped, or otherwise

2

However, because proffer agreements are "unique contracts in which special due process concerns for fairness and adequacy of procedural safeguards obtain," United States v. Ready, 82 F.3d 551, 558 (2d Cir. 1996), the Court "resolve[s] any ambiguities in the agreement against the [G]overnment," United States v. Rodgers, 101 F.3d 247, 253 (2d Cir. 1996). The Court interprets the proffer agreement as permitting the introduction of "any [proffer statement] that the trial judge concludes fairly counters and casts doubt on the truthfulness of factual assertions advanced, whether directly or implicitly," by or on behalf of Defendant. See United States v. Barrow, 400 F.3d 109, 121 (2d Cir. 2005) (analyzing the meaning of the term "rebut" in a proffer agreement).

The Court will rule on the admissibility of specific proffer statements at trial.

SO ORDERED

Dated: New York, New York
August / , 2008

*Kimba M. Wood*
Kimba M. Wood
United States District Judge

---

recorded." (Jan. 31, 2008 Ltr.) This argument is unpersuasive. The Government may offer testimony regarding the content of Defendant's proffer statements, and Defendant may introduce evidence rebutting the Government's testimony. Credibility determinations regarding this testimony are properly left to the jury.

3